Amir Shlesinger (SBN 204132)
aslesinger@reedsmith.com
Lavinia S. Osilesi (SBN 328499)
losilesi@reedsmith.com
REED SMITH LLP
355 South Grand Ave., Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
Health Care Service Corporation,
a Mutual Legal Reserve Company,
doing business in Texas as Blue
Cross and Blue Shield of Texas

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN JOAQUIN GENERAL HOSPITAL, a department of the County of San Joaquin, a political subdivision of the State of California,<br><br>Plaintiff,<br><br>vs.<br><br>HEALTH CARE SERVICE CORPORATION, A Mutual Legal Reserve Company, an Illinois licensed insurance company, doing business as Blue Cross Blue Shield of Texas, and DOES 1 THROUGH 25, INCLUSIVE,<br><br>Defendants. | Case No. 2:20-CV-01582-MCE-CKD<br><br>**JOINT STIPULATION AND PROTECTIVE ORDER**<br><br>Honorable Morrison C. England, Jr.<br>Courtroom 7 |

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Upon agreement of the Plaintiff San Joaquin General Hospital ("Plaintiff") and Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas ("BCBSTX" or "Defendant") (Plaintiff and Defendant are collectively referred to herein as the "Parties"), and in accordance with the Federal Rules of Civil Procedure, and all applicable Local Rules of the United States District Court, Eastern District, the Court enters this Stipulated Protective Order:

1.  Disclosures and discovery in this action are likely to involve production of confidential, proprietary, or private information, including protected health information, for which protection from public disclosure and use for any purpose other than litigating this action may be warranted.  The Parties acknowledge that this Stipulated Protected Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 23 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  The Parties, by and through their respective counsel, have mutually agreed that a Stipulated Protective Order that meets the requirements of a "qualified protective order," as that term is defined by 45 C.F.R. § 164.512(e)(1)(v), is necessary and mutually agree to remain in full compliance with any privacy requirements imposed by regulations promulgated under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

3.      In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a.      "Proceeding" means the above-entitled proceeding in the United States District Court, Eastern District of California, Case No. 2:20-CV-01582-MCE-CKD.

    b.      "Court" means the United States District Court, Eastern District of California, the Honorable Morrison C. England, Jr., or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

    c.      "Confidential" means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

    d.      "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to the provisions of this Stipulation and Protective Order.

    e.      "Designating Party" means the Party that designates Materials as "Confidential" or "Confidential- Attorneys' Eyes Only."

    f.      "Disclose" or "Disclosed" or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

    g.      "Documents" means (i) any "Writing," "Original," and "Duplicate" as those terms are defined by Federal Rules of Evidence Rule 1001, which have been produced in discovery in this Proceeding by any person, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

    h.      "Information" means the content of Documents or Testimony or any information that is derived, created, and replicate from Documents or Testimony.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

        i.      "Receiving Party" means the Party who receives Confidential Materials from the Designating Party.

        j.      "Testimony" means all depositions, declarations or other testimony taken or used in this Proceeding.

4.    This Protective Order shall apply to, and shall govern, all documents, things, discovery responses, and testimony designated by the disclosing party in good faith as constituting or containing confidential information pursuant to this Protective Order. All documents produced in this litigation, whether or not marked as "Confidential" or "Confidential- Attorneys' Eyes Only," shall be used solely for the purposes of this lawsuit and for no other purpose.

5.    The Designating Party shall have the right to designate as "Confidential" or "Confidential- Attorneys' Eyes Only" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

6.    "Confidential" information means information that falls within one or more of the following categories:

        a.      Research and development information;

        b.      Information prohibited from disclosure by statute;

        c.      Medical information concerning any individual;

        d.      Personal identity information;

        e.      Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms);

        f.      Personnel or employment records of a person who is not a party to the case; or

        g.      Any other information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

7.     "Confidential- Attorneys' Eyes Only" information means information that falls within one or more of the following categories:

   a.     Trade secrets information, including a formula, pattern, compilation, program, device, method, technique, process, financial data, or list of actual or potential customers or suppliers, that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;

   b.     Highly sensitive financial, commercial, and marketing information relating to the parties' respective products and/or business activities, including without limitation, contracts and fee schedules with participating providers and analyses reflecting average rates of reimbursement for procedures, and information or analyses reflecting methods used to determine Maximum Reimbursable Charges or Usual and Customary Charges.

8.     The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

9.     Any Documents, Testimony or Information to be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced.  The parties may agree that the case name and number are to be part of the "Confidential" or "Confidential-Attorneys' Eyes Only" designation. The "Confidential" or "Confidential-Attorneys' Eyes Only" designation should not obscure or interfere with the legibility of the designated Information.

  a. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" or "Confidential-Attorneys' Eyes Only" on each page of any Document containing such designated Confidential Material.

  b. For Testimony given in depositions the Designating Party may either:

    i. Identify on the record, before the close of the deposition, all "Confidential" or "Confidential-Attorneys' Eyes Only" Testimony, by specifying all portions of the Testimony that qualify as "Confidential" " or "Confidential- Attorneys' Eyes Only;" or

    ii. Designate the entirety of the Testimony at the deposition as "Confidential" or "Confidential-Attorneys' Eyes Only" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within thirty (30) days following receipt of the deposition transcript.  In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" or "Confidential-Attorneys' Eyes Only" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential" or "Confidential-Attorneys' Eyes Only," as instructed by the Designating Party.

  c. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential" or "Confidential-Attorneys' Eyes Only."  If only portions of the Information or item

warrants protection, the Designating Party, to the extent practicable, shall identify the "Confidential" or "Confidential-Attorneys' Eyes Only" portions.

10. The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Document, Testimony or Information during discovery in this Proceeding without a "Confidential" or "Confidential-Attorneys' Eyes Only" designation, shall be without prejudice to any claim that such item is "Confidential" or "Confidential- Attorneys' Eyes Only" and such Party shall not be held to have waived any rights by such inadvertent production.  In the event that any Document, Testimony or Information that is subject to a "Confidential" or "Confidential-Attorneys' Eyes Only" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" (the "Inadvertent Production Notice").  Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" or "Confidential-Attorneys' Eyes Only" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.  In the event that this provision conflicts with any applicable law regarding waiver of confidentiality through the inadvertent production of Documents,

Testimony or Information, such law shall govern. Any inadvertent production shall also not constitute a waiver in any other proceeding.

11. The inadvertent production of any Document, Testimony or Information that is subject to any privilege, including the attorney-client privilege and/or attorney work-product doctrine, shall not operate as a waiver of the privilege if the Party that made the inadvertent production provides written notice of such inadvertent production within twenty (20) days of discovery of the inadvertent production. Upon receipt of notice of the inadvertent production, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

12. In the event that counsel for a Party receiving Documents, Testimony or Information in discovery designated as "Confidential" or "Confidential-Attorneys' Eyes Only" objects to such designation with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Documents, Testimony or Information to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony or Information addressed by the

Designation Objections (the "Designation Motion").  Pending a resolution of the Designation Motion by the Court, any and all existing designations on the Documents, Testimony or Information at issue in such Motion shall remain in place.  The Designating Party shall have the burden on any Designation Motion of establishing the applicability of its "Confidential" or "Confidential-Attorneys' Eyes Only" designation.  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall be de-designated in accordance with the Designation Objection applicable to such material.

13. Access to and/or Disclosure of Confidential Materials designated as "Confidential" shall be permitted only to the following persons:

a. The Court;

b. (1) Attorneys of record in the Proceedings and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party.  (2) In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel. Provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

c. Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems reasonably necessary to aid counsel in the prosecution and defense of this Proceeding; provided, however, that the Parties agree that such individual are bound by this Stipulation and Protective Order;

d. Court reporters in this Proceeding and their staff (whether at depositions, hearings, or any other proceeding);

   e. Any deposition, trial or hearing witness in the Proceeding who previously has had access to the Confidential Materials, or who is currently or was previously an officer, director, partner, member, employee or agent of an entity that has had access to the Confidential Materials;

   f. Any deposition or non-trial hearing witness in the Proceeding who previously did not have access to the Confidential Materials; provided, however, that each such witness given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms and the Party making the disclosure shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   g. Mock jury participants, provided, however, that prior to the Disclosure of Confidential Materials to any such mock jury participant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain that such person is bound to follow the terms of such Order, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A;

   h. Outside experts or expert consultants retained by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

   i. Any other person that the Designating Party agrees to in writing;

    j.  Any person who was the author, recipient or copy recipient of a document;

    k.  Any person whom the parties have agreed to use as a mediator in this Proceeding; and

    l.  Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

  14.  Access to and/or Disclosure of Confidential Materials designated as "Confidential- Attorneys' Eyes Only" shall be permitted only to the following persons:

    a.  The Court;

    b.  (1) Attorneys of record in the Proceedings for the Receiving Party only (and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the Proceedings and are not employees of any Party).  Unless the Designating Party expressly provides in writing that another Parties' counsel of record may review materials designated as Confidential- Attorneys' Eyes Only, the Receiving Party's counsel shall not share any such material with any other counsel of record.  (2) In-house counsel for the Receiving Party (and the paralegal, clerical and secretarial staff employed by such counsel) as deemed necessary.  Any in-house counsel that has reviewed Confidential Materials is not, and will not, be involved in the negotiation or drafting of health care services contracts between San Joaquin General Hospital and Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas and will not share the Confidential Materials, or the contents thereof, with directors, officers, or employees who negotiate health care services contracts between San Joaquin General Hospital and Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas and will not share Confidential Materials with

directors, officers, or employees of any other Blue Cross and Blue Shield companies, including Blue Cross of California and Blue Shield of California. Each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

   c. Outside experts or expert consultants consulted by the undersigned Parties or their counsel in connection with the Proceeding, whether or not retained to testify at any oral hearing; provided, however, that prior to the Disclosure of Confidential Materials to any such expert or expert consultant, counsel for the Party making the Disclosure shall deliver a copy of this Stipulation and Protective Order to such person, shall explain its terms to such person, and shall secure the signature of such person on a statement in the form attached hereto as Exhibit A.  It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Stipulation and Protective Order by any such expert or expert consultant, to promptly notify counsel for the Designating Party of such breach or threatened breach;

   c. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

   d. Court reporters in this Proceeding and their staff (whether at depositions, hearings, or any other proceeding);

   e. Any person who was either the author or recipient of the information in question before it was disclosed in the action; and

   f. Any person whom the parties have agreed to use as a mediator in this Proceeding.

 15. Confidential Materials shall be used by the persons receiving them only for the purposes of preparing for, conducting, participating in the conduct of, and/or

prosecuting and/or defending the Proceeding only, and not for any business or other purpose whatsoever.

16. Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the Proceeding, to modify or grant relief from any provision of this Stipulation and Protective Order.

17. Disclosed Information must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

18. Entering into, agreeing to, and/or complying with the terms of this Stipulation and Protective Order shall not:

   a. Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" or "Confidential-Attorneys' Eyes Only" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information; or

   b. Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order) to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" or "Confidential- Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order; or to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

19. Any new party to the Proceeding who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy of Exhibit A attached hereto, and filing the same with the

Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

20.   Any Information that may be produced by a non-party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-party as "Confidential" or "Confidential- Attorneys' Eyes Only" under the terms of this Stipulation and Protective Order, and any such designation by a non-party shall have the same force and effect, and create the same duties and obligations, as if made by one of the undersigned Parties hereto.  Any such designation shall also function as consent by such producing non-party to the authority of the Court in the Proceeding to resolve and conclusively determine any motion or other application made by any person or non-party with respect to such designation, or any other matter otherwise arising under this Stipulation and Protective Order.

21.   If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery, to counsel of record for the Designating Party, and shall furnish such counsel with a copy of the Subpoena.  Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law.  The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

22.   Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from asserting in good faith that certain Confidential Materials

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

require additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

23. If, after execution of this Stipulation and Protective Order, any Confidential Materials submitted by a Designating Party under the terms of this Stipulation and Protective Order is Disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party responsible for the Disclosure shall bring all pertinent facts relating to the Disclosure of such Confidential Materials to the immediate attention of the Designating Party.

24. Any party who wishes to file any Confidential Materials, or Information derived from Confidential Materials, with the Court, including deposition transcripts, answers to interrogatories, briefs, memoranda, affidavits, and the like, unless otherwise agreed by the parties or ordered by the Court, shall file an Application for leave to file the materials "under seal" pursuant to L.R. 141. The parties acknowledge and agree that they are familiar with, or will become familiar with, the provisions of Federal Rules of Civil Procedure Rule 5.2 and L.R. 141, as well as any other requirements that exist now or may exist in the future, regarding the sealing of court records, and agree to be bound by its provisions.

25. The Parties shall meet and confer regarding the procedures for use of Confidential Materials at trial and shall move the Court for entry of an appropriate order. The use of designated materials at trial shall be governed by the orders of the trial judge.

26. Nothing in this Stipulation and Protective Order shall affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

27. This Stipulation and Protective Order shall continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

28. Upon written request made within thirty (30) days after the settlement or other termination of the Proceeding, the undersigned Parties shall have thirty (30) days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation and Protective Order, all work product, and one copy of each pleading filed with the Court), (b) agree with counsel for the Designating Party upon appropriate methods and certification of destruction or other disposition of such Confidential Materials, or (c) as to any Documents, Testimony or other Information not addressed by sub-paragraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Materials. To the extent permitted by law the Court shall retain continuing jurisdiction to review and rule upon the motion referred to in sub-paragraph (c) herein.

29. After this Stipulation and Protective Order has been signed by counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order.

30. The Parties and all signatories to the Certification attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation

1  and Protective Order, or in the event that the Court enters a different Protective Order,
2  the Parties agree to be bound by this Stipulation and Protective Order until such time
3  as the Court may enter such a different Order.  It is the Parties' intent to be bound by
4  the terms of this Stipulation and Protective Order pending its entry so as to allow for
5  immediate production of Confidential Materials under the terms herein.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**IT IS SO STIPULATED:**

DATED:  March 10, 2022                 **REED SMITH LLP**

By  /s/ Lavinia S. Osilesi
Amir Shlesinger
Lavinia S. Osilesi
Attorneys for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas

DATED:  March 10, 2022                 **LAW OFFICES OF STEPHENSON, ACQUISTO & COLMAN, INC.**

By  /s/ Barbara V. Lam
Barbara V. Lam
Attorneys for Plaintiff San Joaquin General Hospital

I, Lavinia S. Osilesi, counsel of record for Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

By: /s/ *Lavinia S. Osilesi*

# ORDER

The court APPROVES the parties' stipulated protective order subject to the following clarification.

Once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of" this protective order. E.D. Cal. L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).

Dated: March 14, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE